IN THE SUPERIOR COURT OF GUAM

2025 OCT 14 AM 10: 02

TSANG BROTHERS CORPORATION, )   CIVIL CASE NO. CV1218-17
                             )
            Plaintiff,       )
                             )
      vs.                    )
                             )   **DISPOSITION AND ORDER:**
MAN LING AU, PING CHUNG TSANG, ) **BY DISCOVERY MASTER**
and AU LAI HING,             )
                             )
            Defendants.      )
                             )
                             )

This matter came before MAGISTRATE JUDGE SEAN E. BROWN on September 9, 2025. Attorney Geri Diaz represented Tsang Brothers Corporation (TBC), Attorney Curtis Van de Veld represented Man Ling Au (Defendant Man Ling) and Ping Chung Tsang (Defendant Larry) and William Gavras represented Au Lai Hing (Defendant Au). The Court addressed the various motions to compel discovery filed by TBC and Defendant Au. Defendants Larry and Man Ling did not file a motion to compel. After having heard the Parties' arguments for the motions, and considering the Parties' pleadings, evidence and the record, the Court now issues the following written Disposition and Order documenting the rulings.

## DISCUSSION

### I. Defendant Au's Motion to Compel Plaintiff to Answer Discovery

Defendant Au filed a motion to Compel Plaintiff to Answer Discovery on April 14, 2025. TBC filed its Opposition on May 19, 2025. Also on April 14, 2025, Defendant Au and TBC prepared a Stipulation of Discovery Issues to be Determined at Hearing.

1. Issue Number 1[1]: as Listed in the April 14, 2025 Stipulation

TBC provided 16 general objections in response to Defendant Au's first set of Interrogatories. Defendant Au argues that general objections are improper. TBC argues that the

_____
[1] For this section of the Order, the numbering system will be aligned with the listed issues put forward in the Stipulation filed April 14, 2025. For example, Issue number 1 from the Stipulation will be addressed at bullet point number 1. The Stipulation referenced also contains the written interrogatories and responses at issue and will not be re-copied into this disposition.

*Tsang Brothers Corporation v. Man Ling Au, Ping Chung Tsang and Au Lai Hing,*
Disposition and Order by Discovery Master
Civil Case No. CV01218-17                    - Page 1 of 13 -

general objections are customary and are otherwise supplemented with more specific objections. Guam Rules of Civil Procedure (GRCP) Rule 33(a)(4) provides that all grounds for objections "**shall** be stated with specificity." General objections prior to any specific interrogatory cannot possibly align with the rules. As a result, a general objection to all interrogatories that do not contain specificity fail to comply with the rules and will be overruled. Where the general objections are later reiterated with additional specifics, those will be addressed in turn.

Defendant Au also took issue with TBC's "contingent" responses. TBC's answers were contingent to the general objections and those objections are overruled to be consistent with GRCP Rule 33(a)(4). Where contingent responses occurred to specific objections, the Court will not generally overrule all of TBC's contingent responses. GRCP Rule 33 (a)(1) requires a party to state its objection and "shall answer to the extent the interrogatory is not objectionable". The rules require a party to continue to respond after stating its objection to the remaining portion of the interrogatory. The Court will continue to go through the remaining specific objections to the extent they are appropriate.

### 2. Defendant Au's Interrogatory Number 1

TBC objected to Defendant Au's Interrogatory Number 1 based on the question being "vague, ambiguous and uncertain". The Court finds that the interrogatory is specific and detailed in what it requests and does not find the interrogatory as written to be vague, ambiguous or uncertain. TBC will respond to Interrogatory 1 if the existing contingent response is insufficient based on this ruling.

### 3. Defendant Au's Interrogatory No. 1

As highlighted by the third issue referenced in the April 14, 2025 Stipulation, TBC also separately objected to Defendant Au's Interrogatory 1 based on the term "legal title" being "vague, ambiguous and uncertain". Defendant Au made reference to US. v. $3,000.00, 906 F. Supp. 1061 (Dis. Ct. Virginia 1995). While the case cited by Defendant Au discusses legal title, the Court finds that the holding of that case focuses on different issues. The US v. $3,000.00 case does, however, highlight the common usage of the phrase "legal title". The Court does not find the phrase "legal title", as used in this case, to be vague, ambiguous or uncertain. The phrase

*Tsang Brothers Corporation v. Man Ling Au, Ping Chung Tsang and Au Lai Hing,*
Disposition and Order by Discovery Master
Civil Case No. CV01218-17                    - Page 2 of 13 -

"legal title", referring to ownership, is found throughout Guam statutes and has a fairly common understanding depending on the context used. Here, the interrogatory provides simple wording and provides sufficient contextual detail to compel a response. The Court also finds that the reference to "equitable title" to be sufficiently clear based on the context of the written interrogatory. TBC will further respond to Interrogatory 1 if the existing contingent response is insufficient based on this ruling.

### 4. Defendant Au's Interrogatory 1

The fourth issue raised by the Parties' Stipulation relates to Defendant Au's issue with TBC's contingent responses, which were addressed above. Because the rules permit contingent responses, this Court will not further address this issue aside from informing the Parties that this Court overruled all of TBC's underlying objections to Defendant Au's Interrogatory 1.

### 5. Defendant Au's Interrogatory 2

TBC's first objection to Interrogatory 2 was based on the argument that the responsive information is contained in a document within the possession of Defendant Au's husband. Defendant Au argues that such an objection is improper. In the federal system, "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request.". National Academy v. On Point, 256 F.R.D. 678, 682 (Dis. Ct., California 2009). The Court will take the same approach in this case as the federal and local civil procedures rules are quite similar. GRCP Rule 33(d) does provide a party the ability to object to if there is a business record equally available to the party serving the interrogatory that contains the responsive information. However, the rule requires the objection to be sufficiently detailed and the business record would have had to be in Defendant Au's possession. In this instance, the Court will overrule the object and grants Defendant Au's motion to compel.

### 6. Defendant Au's Interrogatory 2

TBC provided a contingent response and this Court overruled the underlying objection. Defendant Au also asked for more detail in the response. This Court reminds TBC of its continuing duty and that if this Court's ruling provides for the opportunity for a more detailed answer because the underlying objection was overruled, such answer is required.

*Tsang Brothers Corporation v. Man Ling Au, Ping Chung Tsang and Au Lai Hing,*
Disposition and Order by Discovery Master
Civil Case No. CV01218-17                     - Page 3 of 13 -

### 7. Defendant Au's Interrogatory 4

TBC objected to this interrogatory on the basis of it being unintelligible and undecipherable. This Court overrules the objection and finds that the written interrogatory is fairly straight forward and clear enough to compel an answer.

### 8. Defendant Au's Interrogatory 4

TBC made a similar objection to Issue 5, relating to Defendant Au's Interrogatory 2, that the information requested is equally available to Defendant Au. This Court finds that the same ruling as made for Issue 5 is warranted in relation to Defendant Au's Interrogatory 4 and the possibility that information is equally available to other Parties, does not obviate the obligation to respond without more specific information under the business record exception. TBC's objection to Interrogatory 4 is overruled.

### 9. Defendant Au's Interrogatory 4

TBC provided what appears to be an appropriate contingent response aside from its objections and this Court overruled the underlying specific objections. Defendant Au also asked for more detail in TBC's response. This Court reminds TBC of its continuing duty and that if this Court's ruling provides for the opportunity for a more detailed answer, such further response is appropriate. If TBC has no further detail to provide, an answer explaining as such is perfectly acceptable.

### 10. Defendant Au's Interrogatory 5

TBC objected to this interrogatory on the basis of it being overbroad and unduly burdensome. This Court does not find the written interrogatory to be overbroad. TBC further argues that the request is burdensome because it would require TBC to review its own voluminous papers to be able to answer the discovery request. Such argument fails to convince the Court that the interrogatory is overly burdensome. This Court finds that where the contingent response was insufficient, TBC is ordered to complete its response to Defendant Au's Interrogatory 5.

### 11. Defendant Au's Interrogatory 5

TBC argued at different times that answers to the interrogatories were included in the Complaint and other documents. Based on earlier rulings and the National Academy case, this

*Tsang Brothers Corporation v. Man Ling Au, Ping Chung Tsang and Au Lai Hing,*
Disposition and Order by Discovery Master
Civil Case No. CV01218-17                  - Page 4 of 13 -

Court in this instance finds that a more detailed response is appropriate considering that TBC also concluded its investigation in relation to Defendant Au's Interrogatory 5. The Court instructs TBC to provide any additional response necessary based on this ruling.

### 12. Defendant Au's Interrogatory 5

TBC withdrew the objection that was the basis for the twelfth discovery issue between TBC and Defendant Au. TBC explained that it is no longer investigating a response to Defendant Au's Interrogatory 5.

### 13. Defendant Au's Interrogatory 6

TBC objected on the basis that the information requested is within documents possessed by Defendant and her husband. As decided earlier, that is not an appropriate objection without more specificity and is hereby overruled as to interrogatory 6.

### 14. Defendant Au's Interrogatory 6

TBC provided a contingent response to this interrogatory. Defendant Au has previously argued that such answers are improper which this Court has previously ruled are proper. However, this Court overruled the underlying objection and this Court instructs TBC to comply with its discovery obligations where this Court's current rulings necessitate updated responses.

### 15. Defendant Au's Interrogatory 7

TBC objected on the basis that the information requested is within documents possessed by Defendants. As decided earlier, that is not an appropriate objection and is hereby specifically overruled as to interrogatory 7.

### 16. Defendant Au's Interrogatory 7

TBC provided a contingent response to this interrogatory. Defendant Au has previously argued that such answers are improper which this Court has previously ruled are proper. However, this Court overruled the underlying objection and this Court instructs TBC to comply with its discovery obligations where this Court's current rulings necessitate updated responses. Defendant Au also argues that specific information is available to TBC via tax documents. This Court orders the existing responses to be amended if TBC does have access to the requested information.

*Tsang Brothers Corporation v. Man Ling Au, Ping Chung Tsang and Au Lai Hing,*
Disposition and Order by Discovery Master
Civil Case No. CV01218-17                     - Page 5 of 13 -

### 17. Defendant Au's Interrogatory 8

TBC objected to Defendant Au's Interrogatory 8 on the basis that another party possesses the information. That objection, alone, is not appropriate in this instance as previously decided and the objection is overruled. If TBC has no access to the information, that could be an appropriate answer. However, if TBC does have access to the needed information, TBC is still compelled to provide a response.

### 18. Defendant Au's Interrogatory 8

TBC objected to Defendant Au's Interrogatory 8 on the basis that information in the response is found in other documents. Again, the Court overrules the objection based on the rationale put forth in the National Academy case and a need for sufficient detail to make such an objection pursuant to GRCP Rule 33(d).

### 19. Defendant Au's Interrogatory 8

TBC provided a contingent response to this interrogatory. Defendant Au has previously argued that such answers are improper which this Court has previously ruled are proper. However, this Court overruled the underlying objections and this Court instructs TBC to comply with its discovery obligations where this Court's current rulings necessitate updated responses.

### 20. Defendant Au's Interrogatory 9

TBC objected to Defendant Au's Interrogatory 8 on the basis that information is possessed by another party. The Court overrules the objection based on the rationale put forth in the National Academy case and a need for sufficient detail to make such an objection pursuant to GRCP Rule 33(d).

### 21. Defendant Au's Interrogatory 9

TBC provided a contingent response to this interrogatory. Defendant Au has previously argued that such answers are improper which this Court has previously ruled are proper. However, this Court overruled the underlying objection and this Court instructs TBC to comply with its discovery obligations where this Court's current rulings necessitate updated responses. If TBC has knowledge sufficient to answer whether or not money was ever held in a foreign account, TBC is ordered to provide an updated response.

*Tsang Brothers Corporation v. Man Ling Au, Ping Chung Tsang and Au Lai Hing,*
Disposition and Order by Discovery Master
Civil Case No. CV01218-17                      - Page 6 of 13 -

## 22. Defendant Au's Interrogatory 11

TBC objected on the basis that the information requested is within documents possessed by Defendant and her husband. As decided earlier, that is not an appropriate objection without more specific information pursuant to Rule 33(d) and is hereby overruled as to interrogatory 11.

## 23. Defendant Au's Interrogatory 11

TBC objected to Defendant Au's Interrogatory 11 on the basis that information in the response is found in other documents. The Court overrules the objection based on the rationale put forth in the National Academy case.

## 24. Defendant Au's Interrogatory 11

TBC withdrew this objection and confirmed that there is no more ongoing investigation.

## 25. Defendant Au's Interrogatory 11

TBC provided a contingent response to this interrogatory. Defendant Au has previously argued that such answers are improper which this Court has previously ruled are proper under the rules. However, this Court overruled the underlying objection and this Court instructs TBC to comply with its discovery obligations where this Court's current rulings necessitate updated responses. If TBC has knowledge sufficient to answer whether or not the relevant monies belonged to Harmon Trucking, TBC is ordered to update its response.

## 26. Defendant Au's Interrogatory 12

TBC objected to Defendant Au's Interrogatory 12 on the basis that the term "commingled assets" is vague and ambiguous. The Court disagrees and overrules the objection. The phrase "commingles assets" is clear and unambiguous. TBC is instructed to provide any new or altered responses in the event this ruling causes the need for such new or altered responses.

## 27. Defendant Au's Interrogatory 12

TBC objected to Defendant Au's Interrogatory 12 on the basis that information about Harmon Trucking is not relevant to this case. The Court disagrees with TBC's argument. The Court does find that the requested information about Harmon Trucking would likely lead to relevant information concerning the merits and issues underlying this matter. The Court instructs

*Tsang Brothers Corporation v. Man Ling Au, Ping Chung Tsang and Au Lai Hing,*
Disposition and Order by Discovery Master
Civil Case No. CV01218-17                    - Page 7 of 13 -

TBC to amend or supplement its responses if the overruling of the TBC's objections requires such amendment.

### 28. Defendant Au's Interrogatory 12

TBC objected on the basis that the information requested is within documents possessed by Defendant and her husband. As decided earlier, the Court agrees with Defendant Au that such objections are insufficient to obviate a response without more detail pursuant to Rule 33(d).

### 29. Defendant Au's Interrogatory 13

TBC withdrew this objection.

### 30. Defendant Au's Interrogatory 13

The parties made a mistake in numbering the issues. There is no thirtieth issue.

### 31. Defendant Au's Interrogatory 13

TBC objected to Defendant Au's 13th Interrogatory on the basis that information in the response is found in other documents. The Court overrules the objection based on the rationale put forth in the National Academy case and under GRCP Rule 33(d).

### 32. Defendant Au's Interrogatory 13

TBC withdrew this objection and confirmed that there is no more ongoing investigation.

### 33. Defendant Au's Interrogatory 14

TBC withdrew this objection.

### 34. Defendant Au's Interrogatory 14

TBC objected to Defendant Au's 13th Interrogatory on the basis that information in the response is found in other documents. The Court overrules the objection based on the rationale put forth in the National Academy case.

### 35. Defendant Au's Interrogatory 14

TBC withdrew this objection and confirmed that there is no more ongoing investigation.

### 36. Defendant Au's Interrogatory 15

TBC objected to Defendant Au's Interrogatory 15 on the basis that it is overbroad and unduly burdensome. Yet, TBC's complaint against Defendant Au contains allegations that are similar to the nature of Defendant Au's Interrogatory 15. The Court finds that a lack of any other

*Tsang Brothers Corporation v. Man Ling Au, Ping Chung Tsang and Au Lai Hing,*
Disposition and Order by Discovery Master
Civil Case No. CV01218-17                    - Page 8 of 13 -

instances of theft, or bad conduct, could be relevant to the finder of fact in this case. Defendant Au's request is limited to facts known to TBC and later clarified that TBC should not speculate. As a result, the Court does not find that Defendant Au's Interrogatory 15 is overbroad or unduly burdensome. The Court overrules TBC's objection.

### 37. Defendant Au's Interrogatory 15

TBC objected to Defendant Au's 13th Interrogatory on the basis that information in the response is found in other documents. The Court overrules the objection based on the rationale put forth in the National Academy case and pursuant to Rule 33(d).

### 38. Defendant Au's Interrogatory 15

TBC withdrew this objection and confirmed that there is no more ongoing investigation.

### 39. TBC's General Objections to Defendant Au's Request for Admissions.

TBC provided a list of 18 General Objections to Defendant Au's Request for Admissions. The Court addressed a similar topic when addressing Issue Number 1. GRCP Rule 36 requires an objection to be made along with a reason for the objection. The Court overrules the General Objections and finds that objections should be made in the individual response and not as a general precursor to all answers. TBC provided for objections prior to any specific issue and therefore, any such "general" objection is improper and overruled as a result.

### 40. Defendant Au's Request for Admission 1

A similar issue was addressed in Issue Number 3. The Court finds that the result here is the same. The Court overrules TBC's objection that the term "legal title" is vague or ambiguous.

### 41. Defendant Au's Request for Admission

TBC objected to Defendant Au's Request for Admission on the basis of relevance. The Court, as previously decided, does find information about Harmon Trucking relevant if TBC is aware of any commingling of assets among the two distinct businesses.

### 42. Defendant Au's Request for Admission 2

A similar issue was addressed in Issue Number 26. The Court finds that the result here is the same. The Court overrules TBC's objection that the term "commingled assets" is vague, ambiguous or uncertain.

*Tsang Brothers Corporation v. Man Ling Au, Ping Chung Tsang and Au Lai Hing,*
Disposition and Order by Discovery Master
Civil Case No. CV01218-17          - Page 9 of 13 -

### 43. Defendant Au's Request for Admission 3

TBC objected to Defendant Au's Request for Admission on the basis of relevance. The Court, as previously decided, does find information about Harmon Trucking relevant if TBC is aware of any commingling of income among the two distinct businesses.

### 44. Defendant Au's Request for Admission 3

A similar issue was addressed in Issue Numbers 26 and 42. The Court finds that the result here is the same. The Court overrules TBC's objection that the term "commingled assets" is vague, ambiguous or uncertain.

## II. Plaintiff TBC's Motion to Compel Against Defendant Lai Hing Au

TBC filed a Motion to Compel Against Defendant Au on April 15, 2025. Defendant Au filed its Opposition on May 21, 2025. The April 14, 2025 stipulation on discovery issues submitted by the Parties also addressed TBC's Motion to Compel.

### TBC's Request For Production 1, 2 and 3[2]

After identifying three issues in the Stipulation between TBC and Defendant Au, Defendant Au provided some additional information in response. Defendant then notified the Court that nothing remains outstanding and nothing else exists. TBC believes additional documents due exist. As an officer of the Court, attorney William Gavras on behalf of Defendant Au, affirmed that no other documents exist that were not already provided. The Court reminds the Parties of their continuing duty to disclose. The Court further reminds the Parties that this case is now eight years old and Defendant Au would be prohibited from using any discovery at trial not already provided. On the other hand, sanctions could be appropriate if it is later determined that either party affirmed no further discovery exists in contradiction to the facts.

## III. Plaintiff TBC's Motion to Compel Against Defendant Larry

TBC filed a Motion to Compel Against Defendants Larry and Man Ling on May 2, 2025. Both Defendant Larry and Defendant Man Ling filed their separate oppositions on July 7, 2025.

---

[2] From this point forward, the Court will no longer use the prior numbering system for ease of organization. These three issues were identified as Issue 45, 46 and 47 in the Parties' Stipulation.

*Tsang Brothers Corporation v. Man Ling Au, Ping Chung Tsang and Au Lai Hing,*
Disposition and Order by Discovery Master
Civil Case No. CV01218-17                    - Page 10 of 13 -

A stipulation between TBC and Defendants Larry and Man Ling was filed on May 2, 2025 that listed the discovery issues to be decided.

<u>TBC's Request for Production 1 Directed to Defendant Larry</u>

TBC made a written Request for Production asking for Defendant Larry to provide documents relating to bank accounts and Time Certificate Deposits (TCD) from 2001 to 2014. Defendant Larry prepared a signed response and six pages of documents. Defendant Larry, through attorney Van de Veld, has represented to the Court that no other documents exist relevant to the request. While the Court agrees with TBC that likely more relevant documents must have existed, the Court has no evidence before it that indicates Defendant Larry or his counsel is intentionally deceiving the Court or hiding discovery. As a result, the Court will deny the motion to compel.

**IV.    <u>Plaintiff TBC's Motion to Compel Against Defendant Man Ling</u>**

<u>TBC's Request for Production No. 1, 2, 3 and 3b Directed to Defendant Man Ling</u>

TBC requested for Defendant Man Ling to provide all documents relevant to a payment of one million dollars. Defendant Man Ling responded with a statement indicating "already disposed" and a single page bank record. Defendant Man Ling, through his attorney, also indicated that no other documents exist in his possession relevant to the request. At this point, there is no evidence to support a finding that Defendant Man Ling is hiding discovery and the motion to compel is denied.

<u>TBC's Request for Production No. 4 Directed to Defendant Man Ling</u>

TBC made a request for Defendant Man Ling to produce all bank statements from 2001 to 2017. Defendant Man Ling referred back to the same document provided in response to Requests for Production 1, 2, 3 and 3b. Defendant Man Ling also indicated that no other documents remain in Defendant Man Ling's possession. Absent additional evidence to support other documents existing, the Court will not compel further production. The motion as it applies to RFP 4 is denied. The Court does remind Defendant Man Ling that this ruling does not mean that Defendant Man Ling is excused from completing its duties under the discovery rules. If

*Tsang Brothers Corporation v. Man Ling Au, Ping Chung Tsang and Au Lai Hing,*
Disposition and Order by Discovery Master
Civil Case No. CV01218-17                          - Page 11 of 13 -

Defendant Man Ling learns it was wrong about what documents exists, Defendant Man Ling must still provide said discovery.

<u>TBC's Interrogatory 10 directed to Defendant Man Ling</u>

TBC asked Defendant Man Ling to answer the question "In July 2001, why did you choose to open a bank account in First Commercial Bank as opposed to any other Guam bank?' Defendant's response was "it is because of convenience". Defendant Man Ling also indicated that more complete answers were provided in her deposition. The Court has previously determined in this order under the rationale put forward in the <u>National Academy</u> case that even though information exists in other forms elsewhere in the case, if said information is available, it should be addressed in the interrogatory response. Furthermore, in a note of the advisory committee on rules from the 1946 amendment to the federal Rule 33, indicated that "[i]t may be quite desirable or necessary to elicit additional information by the inexpensive method of interrogatories where a deposition has already been taken." Federal Rules of Evidence, Rule 33. Defendant Man Ling's response to TBC's Interrogatory No. 10, was shorter and less detailed than what the Parties indicated occurred during the deposition. The Court will grant TBC's Motion to Compel and orders Defendant Man Ling to provide a more detailed response in response to TBC's Interrogatory 10 directed to Defendant Man Ling.

## V.    **Outstanding Discovery**

This case is now almost eight years old and the Parties have assured the Court that there are no known discovery issues outside the above listed issues. The Parties are deemed to have waived any additional discovery requests unless there is good cause for the lack of identification or if further production resulting from this disposition creates fresh issues. The Court also bases the waiver of future discovery issues on at least three prior Court issued discovery cut-off dates given to the Parties.

All updated or new responses caused by this disposition shall be completed by December 17, 2025.

*Tsang Brothers Corporation v. Man Ling Au, Ping Chung Tsang and Au Lai Hing,*
Disposition and Order by Discovery Master
Civil Case No. CV01218-17                    - Page 12 of 13 -

## VI. Sanctions

The Court will address TBC's request for sanctions because the requested sanctions attach to the very discovery issues that this Court has been granted authority over. However, the Court has heard the arguments of the Parties and reviewed all filed motions, oppositions, replies, declarations and attached exhibits and finds no sanctionable conduct pursuant to GRCP Rule 37. It appears to the Court that any missing discovery appears to be inadvertent or the discovery simply does not exist. The Court does note that at trial for this matter, should it become apparent to the Court that discovery was hidden or intentionally destroyed evidence, or that a Party's attorney attempted to deceive the Court, this decision does not preclude new requests for sanctions.

## CONCLUSION

The Court has hereby addressed all outstanding discovery issues. Some of the rulings will necessitate additional or updated responses. Those responses are to be completed by December 17, 2025. The Court will not order sanctions against any Party. All discovery issues not concluded by this point will be deemed waived unless there is a good faith reason or if these rulings create fresh issues. This matter will be returned to the assigned Superior Court Judge.

So ORDERED this 12th day of October, 2025.

_____
HONORABLE SEAN E. BROWN
MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM

*Tsang Brothers Corporation v. Man Ling Au, Ping Chung Tsang and Au Lai Hing,*
Disposition and Order by Discovery Master
Civil Case No. CV01218-17          - Page 13 of 13 -